IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LANGSTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-CV-0036-CVE-SAJ |
| JAY BLACKFOX, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On January 18, 2006, Petitioner, a prisoner in custody at the Delaware County Jail and appearing *pro se*, filed a document entitled "petition for writ of habeas corpus to stop excessive bail and my house from being stolen" (Dkt. # 1), a motion for leave to proceed *in forma pauperis* (Dkt. # 2), and a motion for appointment of counsel (Dkt. # 3). He also wrote a letter to the Clerk of Court describing his unsuccessful efforts to obtain from the Jail Administrator the required financial certification for his *in forma pauperis* motion (Dkt. # 4), as well as a letter to the Judge (Dkt. # 5). By Order filed January 20, 2006 (Dkt. # 6), the Court directed Petitioner to file an amended motion for leave to proceed *in forma pauperis* and advised Petitioner that this pretrial habeas corpus action was subject to dismissal unless Petitioner filed an amended petition demonstrating that he had exhausted state remedies prior to filing the petition.

On February 8, 2006, Petitioner filed an amended motion for leave to proceed *in forma pauperis* (Dkt. # 15). In reliance upon the representations set forth in the amended motion for leave to proceed *in forma pauperis*, the Court finds Petitioner is currently without funds sufficient to pay the filing fee in this action and concludes that Petitioner should be granted leave to proceed *in forma pauperis*.

Petitioner has also submitted eight (8) additional letters to the undersigned (Dkt. ## 8, 12, 14, 18, 19, 24, 26, 27), five (5) additional letters to the Clerk of Court (Dkt. ## 7, 11, 13, 17, 23), a motion for discovery (Dkt. # 9), two (2) "motions to subment (sic) evidence" (Dkt. ## 16 and 25), a "motion for appointment of federal medatgor (sic)" (Dkt. # 20), and a motion to amend motion for discovery (Dkt. # 28). To date, Petitioner has not filed an amended petition as directed by the Court.

After reviewing the petition and the materials provided by Petitioner, the Court finds that Petitioner impermissibly seeks intervention by this Court in resolving criminal charges presently pending in state court or in otherwise preventing the State of Oklahoma from prosecuting the charges. Furthermore, Petitioner has failed to demonstrate that intervention by the Court at this stage in the prosecution of Petitioner by the State of Oklahoma does not violate the doctrine of exhaustion.[1] Petitioner has failed to provide evidence that any claim, including his claim alleging excessive bail, has been raised on appeal through the state courts.[2] As previously advised, Petitioner must afford the courts of the State of Oklahoma the opportunity to consider and correct any violations of the Constitution by raising his challenges either pretrial or at trial and, if convicted, on

---

[1] In contrast to 28 U.S.C. §2254, no statutory exhaustion requirement applies to § 2241, but case law holds "that although section 2241 establishes jurisdiction in the federal court to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F. 3d 350, 354 (10th Cir. 1993) (citing Dickerson v. Louisiana, 816 F. 2d 220, 225 (5th Cir. 1987)).

[2] Petitioner has attached to his "motion to subment (sic) evidence" (Dkt. # 16) a copy of a pleading captioned "Appellate Courts of Oklahoma" and titled "Notice of Intent to Appeal Motion for Bail Hearing and Amend Bond Reduction for Fines," as well as a pleading captioned "In the District Court of Delaware County, State of Oklahoma" and titled "Motion for Bail Hearing." However, Petitioner provides nothing indicating that the state courts ruled on his requests. The Court also notes that the state appellate courts have no record of any appellate action filed by Petitioner. See dockets for appellate courts viewed at www.oscn.net.

direct appeal. The Court concludes that this action shall be dismissed without prejudice for failure to exhaust state remedies. Petitioner is again advised that pretrial habeas corpus relief is not available to prevent a prosecution in state court. See Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (citing Ex parte Royall, 117 U.S. 241, 253 (1886)).

Any pending motion shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. # 2), as amended (Dkt. # 15), is **granted**.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **dismissed without prejudice** for failure to exhaust state remedies.

3. Any pending motion is **declared moot**.

**IT IS SO ORDERED** this 12th day of April, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT